IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WAYNE ALLEN COLSON, | : | CIVIL ACTION |
| PETITIONER | : | |
| | : | |
| VS. | : | |
| | : | |
| JOHN MCCULLOUGH, ET AL | : | NO.  02-3482 |

RESPONDENT/COMMONWEALTH'S
ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE M. FAITH ANGELL, UNITED STATES
MAGISTRATE JUDGE:

Respondent, the District Attorney of Montgomery County, Bruce L.
Castor, Jr., by his Deputy District Attorney, Mary MacNeil Killinger, on
whom has been served an Order to file an Answer and Memorandum of
Law in response to the Petition for Writ of Habeas Corpus of Wayne Allen
Colson, and to show cause why a Writ of Habeas Corpus should not be
issued as prayed for in the instant petition, respectfully answers the
petition as follows:

1. Respondent denies each and every allegation of fact alleged by
the Petitioner except those facts specifically admitted herein.

2. Petitioner is currently incarcerated in the State Correctional
Facility at Houtzdale pursuant to a lawful judgment of sentence imposed
in the Court of Common Pleas of Montgomery County, Pennsylvania,
Criminal Division, at No. 1652-97. (See Exhibits "1A" and "1B").

3. On February 25, 1997, Petitioner was arrested for his actions involving George Vollmer, a minor, and charged with Corruption of Minors, Involuntary Deviate Sexual Intercourse, Sexual Assault, Statutory Sexual Assault, Indecent Assault, Rape, and Endangering the Welfare of Children.

4. On January 20, 1998, a jury trial was commenced before the Honorable William R. Carpenter, concluding on January 22, 1998, with a verdict of guilty on one (1) count of Rape[1], one (1) count of Involuntary Deviate Sexual Intercourse[2], one (1) count of Sexual Assault[3], two (2) counts of Endangering the Welfare of a Child[4], and two (2) counts of Corruption of Minors[5].

5. On March 19, 1998, Petitioner was sentenced to seven (7) to thirty-two (32) years imprisonment.

6. Petitioner acknowledged in writing his post sentence rights, but did not file a direct appeal of his sentence.

7. On January 26, 1999, Petitioner filed a pro se Motion for Post Conviction Collateral Relief pursuant to the Post Conviction Relief Act 42 Pa.C.S.A. §9541 et seq (hereinafter "PCRA"), raising, inter alia, numerous allegations of ineffective assistance of trial counsel. (See Exhibit "A").

---

[1] 18 Pa.C.S.A. §3121
[2] 18 Pa.C.S.A. §3123
[3] 18 Pa.C.S.A. §3124.1
[4] 18 Pa.C.S.A. §4304
[5] 18 Pa.C.S.A. §6301(a)(1)

8. On January 26, 1999, Petitioner also filed a pro se "Notice of Motion to Set Aside Sentence as Stated to Above Case." (See Exhibit "B").

9. On February 1, 1999, the court appointed a Montgomery County Public Defender to represent Petitioner, and dismissed his "Notice of Motion to Set Aside Sentence as Stated to Above Case." (See Exhibit "C").

10. On February 2, 1999, the court granted the Montgomery County Public Defender sixty (60) days to review the record for the PCRA Petition.

11. On March 2, 1999, Petitioner appealed from the February 1, 1999 order dismissing his "Notice of Motion to Set Aside Sentence" claiming his sentence was invalid and raising ineffective assistance of counsel issues.

12. On April 8, 1999, counsel withdrew the appeal of the order dismissing Petitioner's "Notice of Motion to Set Aside Sentence".

13. On March 31, 1999, appointed counsel filed a supplemental PCRA petition, raising the following issues:

1. INEFFECTIVENESS OF TRIAL COUNSEL FOR FAILING TO RAISE A MOTION TO SEVER

2. INEFFECTIVENESS OF TRIAL COUNSEL FOR FAILING TO CHALLENGE THE COMPETENCY OF THE VICTIM

3. INEFFECTIVENESS OF TRIAL COUNSEL FOR FAILING TO REQUEST A CHANGE OF VENUE

4. INEFFECTIVENESS OF TRIAL COUNSEL FOR FAILING TO ESTABLISH A RECORD OF THE VARIOUS NEWS MEDIA ITEMS CONCERNING THE CASE.

(See Exhibit "D").

14. On June 21, 1999, after a hearing before The Honorable William R. Carpenter, Court of Common Pleas of Montgomery County, Petitioner's request for relief was dismissed. (See Exhibits "E" and "F").

15. On July 1, 1999, Petitioner's PCRA counsel filed a praecipe to withdraw appearance.

16. On July 22, 1999, Petitioner filed a pro se appeal to the Superior Court of Pennsylvania from the June 21, 1999 order, dismissing his PCRA petition.

17. On June 28, 2000, the Superior Court of Pennsylvania dismissed Petitioner's appeal for failing to file a brief, pursuant to Pa.R.A.P. 2185 (a). (See Exhibit "G").

18. On July 20, 2000, the Supreme Court of Pennsylvania denied the Petitioner's timely filed petition for review. (See Exhibit "H").

19. On July 31, 2000, Petitioner filed his second PCRA petition, raising essentially the same allegations of ineffectiveness raised in his initial pro se PCRA petition. (See Exhibit "I").

20. On August 11, 2000, the PCRA court issued a notice pursuant to Pa.R.Crim.P. 1507 (current rule 907), 42 Pa.C.S.A., of its intent to dismiss the petition without a hearing and gave Petitioner twenty (20) days within which to respond to said notice.

21. On August 23, 2000, Petitioner filed a response to the court's notice of intent to dismiss.

22. On September 6, 2000, the Court of Common Pleas of Montgomery County issued an order dismissing Petitioner's second PCRA petition without a hearing for untimeliness and because it was devoid of merit. (See Exhibit "1A" and see also Opinion Exhibit "J").

23. On October 17, 2000, Petitioner, pro se, filed an appeal from the September 6, 2000 order to the Superior Court of Pennsylvania. The Petitioner raised the following issues:

1. WAS THE TRIAL COURT ARBITRARY IN FAILING TO APPLY PROPER CASE LAW IN APPELLANT'S SECOND PCRA, AND WAS PCRA COUNSEL INEFFECTIVE?

2. WAS THE TRIAL COURT IN ERROR AND DEFENSE COUNSEL INEFFECTIVE FOR ALLOWING THE COMMONWEALTH TO VIOLATE THE APPELLANT'S DUE PROCESS RIGHTS?

3. WAS THE TRIAL COURT IN ERROR FOR IMPROPERLY INTRODUCING THE AMENDED BILLS OF INFORMATION?

4. WAS DEFENSE COUNSEL INEFFECTIVE FOR NOT OBJECTING TO AND SEEKING RELIEF FOR THE DEFECTS IN THE AMENDED BILLS OF INFORMATION?

5. WAS THE TRIAL COURT IN ERROR FOR NOT GIVING THE PROPER JURY INSTRUCTION AND DEFENSE COUNSEL INEFFECTIVE FOR FAILING TO SEEK A REMEDY FOR TRIAL COURT ERROR?

6. WAS DEFENSE COUNSEL INEFFECTIVE FOR NOT OBJECTING TO THE PROSECTUION'S OPENING AND CLOSING REMARKS?

7.  WAS THE TRIAL COURT IN ERROR AND DEFENSE COUNSEL INEFFECTIVE FOR NOT PERFORMING A PROPER JURY VOIR DIRE?

8.  WAS DEFENSE INEFFECTIVE IN FAILING TO SEEK A CHANGE OF VENUE?

9.  WAS DEFENSE COUNSEL INEFFECTIVE FOR NOT CALLING WITNESSES?

10.  WAS DEFENSE COUNSEL INEFFECTIVE FOR NOT CHALLENGING THE COMPETENCY OF GEORGE VOLLMER?

11.  WAS DEFENSE COUNSEL INEFFECTIVE FOR NOT CHALLENGING THE HEARSAY TESTIMONY?

12.  WAS DEFENSE COUNSEL INEFFECTIVE IN SECURING EVIDENCE?

(See Exhibits "K" and "L").

24. On January 31, 2001, the Commonwealth filed a brief in response to Petitioner's brief. (See Exhibit "M").

25. On June 21, 2001, the Superior Court of Pennsylvania dismissed the appeal for untimeliness. (See Exhibit "N").

26. On July 19, 2001, Petitioner, pro se, filed a petition for allowance of appeal from the order of the Superior Court of Pennsylvania to the Supreme Court of Pennsylvania.

27. On November 15, 2001, the Supreme Court of Pennsylvania denied Petitioner's allowance of appeal. (See Exhibit "O").

28. On May 30, 2002, the Petitioner executed the instant Petition for Writ of Habeas Corpus ("Petition") in the United States District Court

for the Eastern District of Pennsylvania (See Exhibit "P"), raising the

following issues:

1. WHETHER THE VOIR DIRE WAS INADEQUATE TO DETECT PREJUDICE FROM THE PRETRIAL PUBLICITY, AND THEREFORE, VIOLATING THE PETITIONER'S RIGHTS TO DUE PROCESS AND AN IMPARTIAL JURY AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS.

2. WHETHER THE PETITIONER'S CONSTITUTIONAL DUE PROCESS RIGHTS WERE VIOLATED WHEN THE COMMONWEALTH FAILED TO FIX OR PROVE THE DATE OF THE OFFENSE AS LAID IN THE AMENDED BILLS OF INFORMATION WITH REASONABLE CERTAINTY AND BEYOND A REASONABLE DOUBT?

3. WHETHER THE PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHTS WHEN THE TRIAL COURT ALLOWED THE COMMONWEALTH TO AMEND THE BILLS OF INFORMATION WHICH ADDED ADDITIONAL CHARGES?

4. WHETHER THE PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL AND PCRA COUNSEL?

   A. WAS DEFENSE COUNSEL INEFFECTIVE FOR ALLOWING THE COMMONWEALTH TO VIOLATE THE PETITIONER'S DUE PROCESS RIGHTS BY FAILING TO FIX OR PROVE THE DATE OF OFFENSE LAID IN THE AMENDED BILLS OF INFORMATION?

   B. WAS DEFENSE COUNSEL INEFFECTIVE FOR FAILING TO OBJECT TO THE DEFECTS IN THE AMENDED BILLS OF INFORMATION OR SEEK RELIEF?

   C. WAS DEFENSE COUNSEL INEFFECTIVE FOR NOT CONDUCTING A PROPER JURY VOIR DIRE?

D. WAS DEFENSE COUNSEL INEFFECTIVE FOR FAILING TO SEEK OR REQUEST INSTRUCTIONS AND/OR REMEDY FROM THE TRIAL COURT PERTAINING TO THE JURY NOT KNOWING WHAT THEY WERE TRYING THE PETITIONER FOR?

E. WAS DEFENSE COUNSEL INEFFECTIVE FOR NOT CALLING WITNESSES TO TESTIFY ON THE PETITIONER'S BEHALF?

F. WAS DEFENSE COUNSEL INEFFECTIVE FOR NOT OBJECTING TO THE D.A.'S REMARKS IN HIS OPENING AND CLOSING STATEMENTS?

G. WAS DEFENSE COUNSEL INEFFECTIVE IN FAILING TO SEEK A CHANGE OF VENUE

H. WAS DEFENSE COUNSEL INEFFECTIVE FOR NOT CHALLENGING THE COMPETENCY OF THE COMPLAINING WITNESS?

I. WAS DEFENSE COUNSEL INEFFECTIVE FOR NOT OBJECTING TO HEARSAY TESTIMONY?

J. WAS DEFENSE COUNSEL INEFFECTIVE FOR NOT SECURING EVIDENCE IN HIS PREPARATION AND DEFENSE?

K. WAS PCRA COUNSEL INEFFECTIVE FOR NOT PRESENTING ALL OF PETITIONER'S ISSUES IN HIS FIRST PCRA AS HE HAD REQUESTED?

29. The instant Petition is barred by the one (1) year statute of limitations imposed for filing a petition for a writ of habeas corpus. See 28 U.S.C. §2244(d)(1). The one-year clock started when Petitioner's judgment became final on April 19, 1998, the date on which the time for

filing an appeal expired. See Pa.R.A.P. 903, 28 U.S.C. §2244(d)(1). The clock ran until January 26, 1999, the date on which the Petitioner's pro se PCRA petition was filed. Nine (9) months and seven (7) days elapsed, meaning that, at the point the clock stopped, the Petitioner had three (3) months and twenty-three (23) days remaining to file his habeas corpus petition. The clock was tolled during the Petitioner's properly filed application for post conviction review, see 42 U.S.C. §2244 (d)(2), until July 20, 2000, the date on which the Supreme Court of Pennsylvania denied the petition for allowance of appeal. Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000). For the instant Petition to have been timely, it must have been filed no later than November 13, 2000. Since Petitioner's second PCRA petition was deemed by the state courts to have been untimely filed, it did not constitute a "properly filed" petition, and therefore, the statute of limitations was not tolled during this time. See 42 Pa.C.S.A. §9545, Morris v. Horn, 187 F.3d 333, 338 (3d Cir. 1999). Given that the instant Petition was not filed until May 30, 2002, this requirement has not been met.

    30. No basis for equitable tolling exists. Equitable tolling is appropriate "when the petitioner has in some extraordinary way...been prevented from asserting his or her rights." Miller v. New Jersey State Department of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). The Third Circuit Court of Appeals has held that equitable tolling is appropriate in four narrow circumstances: (1) if the Respondent has actively misled the

Petitioner, (2) if the Petitioner has in some extraordinary way been prevented from asserting his rights, (3) if the Petitioner has timely asserted his rights mistakenly in the wrong forum, or (4) when the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or where the court has misled the Petitioner into believing that he had done everything required of him. Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). In any of these circumstances, the petitioner must also establish that he "exercised reasonable diligence in investigating and bringing [the] claims." Miller, at 618-619 (citing New Castle County v. Halliburton NUS Corp., 111 F.3d 1116, 1126 (3d Cir. 1999)). Petitioner has made no showing that any of these "narrow circumstances" exist.

31. Before an individual may file a petition for Writ of Habeas Corpus in Federal court, each claim raised therein must be exhausted. Rose v. Lundy, 455 U.S. 509, 102 S. Ct. 1198, 71 L.Ed.2d 378 (1982); 28 U.S.C. §2254(b). Exhaustion of state court remedies typically requires the Petitioner to have finally presented the claims to the highest state court. Chaussard v. Fulcomer, 816 F.2d 925, 928 (3d Cir. 1987). While exhaustion does not require that the highest state court rule on the merits of the Petitioner's claims, it does require that the court be given

the opportunity to review them. <u>Bond v. Fulcomer</u>, 864 F.2d 306 (3d Cir. 1989).[6]

32. Petitioner technically has failed to exhaust the issues raised in his first PCRA. He did not "fairly present" them to the Pennsylvania Superior Court, see <u>Doctor v. Walters</u>, 96 F.3d 675, 678 (3d Cir. 1996); <u>Chaussard v. Fulcomer</u>, 816 F.2d 925, 928 (3d Cir. 1987), because he failed to file a brief, which, arguably, would have contained the issues sought to be addressed, resulting in the Superior Court of Pennsylvania dismissing his appeal. The Supreme Court of Pennsylvania denied the Petitioner's petition for review. Returning to state court would prove futile since the one-year jurisdictional time limit for filing a PCRA has passed. See 42 Pa.C.S.A. §9545(b). Any future PCRA petitions would be deemed untimely; therefore, Petitioner is clearly foreclosed from seeking further state court review. See <u>Whitney v. Horn</u>, 280 F.3d 240, 251 (3d Cir. 2002). Exhaustion is excused, but these claims are deemed to be procedurally defaulted. 28 U.S.C.A. §2254(b). See <u>Whitney v. Horn</u>, 280 F.3d 240, 251 (3d Cir. 2002). Since Petitioner has made no showing of "cause and prejudice" or a "miscarriage of justice," to excuse the procedural default, <u>Holman v. Gillis</u>, 58 F.Supp.2d 587, 592 n.3 (E.D.Pa. 1999) (citing <u>Harris v. Reed</u>, 489 U.S. 255, 260-261, 109 S.Ct. 1038, 103

[6] The claims raised in Petitioner's "Notice of Motion to Set Aside Sentence" were not raised in the instant Petition. However, even if they had been raised in the instant Petition, the claims are unexhausted for failure to appeal the trial court order dismissing the motion.

L.Ed.2d 308 (1989)), this Court may not go to the merits of the barred claims.

33. For the claims raised in Petitioner's second PCRA Petition, exhaustion is excused because it would be futile to return to state courts because the claims are procedurally defaulted. Petitioner cannot go back to state court and relitigate these claims. If any future PCRA petition would be untimely, exhaustion is futile and the claims should be found procedurally defaulted. See Whitney v. Horn, 280 F.3d 240, 251-252 (3d Cir. 2002). The claims are procedurally defaulted because Petitioner failed to comply with the state procedural rule governing the time requirements of the PCRA, see 42 Pa.C.S.A. §9545 (b)(1), and the state court's finding of untimeliness constitutes an adequate and independent state ground. See, e.g., Coleman v. Thompson, 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); Holloway v. Horn, 161 F.Supp.2d 452, 471 (E.D.Pa. 2001). Since Petitioner has made no showing of "cause and prejudice" or a "miscarriage of justice," to excuse the procedural default, Holman v. Gillis, 58 F.Supp.2d 587, 592 n.3 (E.D.Pa. 1999) (citing Harris v. Reed, 489 U.S. 255, 260-261, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989)), this Court may not go to the merits of the barred claims.

34. The Petitioner's constitutional rights were in no way violated; all proceedings held against the Petitioner were and have been proper,

and the petitioner is lawfully confined pursuant to a valid judgment and order of a court of competent jurisdiction.

35. In support of the Commonwealth's Answer to the Petition for a Writ of Habeas Corpus, the following exhibits are attached hereto and incorporated by reference as if fully set forth herein:

1A.   Criminal Docket Entries
2A.   Notes of Testimony from Sentencing Hearing, March 19, 1998
A.   Petitioner's Pro Se PCRA Petition, filed on January 26, 1999
B.   Petitioner's Motion to Set Aside Sentence, filed on January 26, 1999
C.   Court of Common Pleas Opinion affirming denial of Motion to Set Aside Sentence, dated March 26, 1999
D.   Petitioner's Statement of Matters Complained Of on Appeal, filed on March 31, 1999
E.   Court of Common Pleas Order denying Petitioner's motion for post conviction collateral relief, dated June 21, 1999
F.   Court of Common Pleas Opinion denying Petitioner's request for relief, dated September 9, 1999
G.   Superior Court of Pennsylvania Order dismissing appeal, dated June 28, 2000
H.   Supreme Court of Pennsylvania Order denying appeal, dated July 20, 2000
I.   Petitioner's Second pro se PCRA petition, filed on July 31, 2000
J.   Court of Common Pleas Opinion dismissing second PCRA petition, dated October 26, 2000
K.   Petitioner's brief to superior court, dated June 5, 2001
L.   Petitioner's reply to Commonwealth's brief, dated February 11, 2001
M.   Commonwealth's brief, dated January 31, 2001
N.   Superior Court of Pennsylvania Order and Memorandum affirming denial of relief, dated June 21, 2001
O.   Pennsylvania Supreme Court Order denying appeal, dated November 15, 2001
P.   Federal Docket entries

WHEREFORE, based on the foregoing, Respondent prays that this Court dismiss Wayne Colson's Petition for a Writ of Habeas Corpus.

RESPECTFULLY SUBMITTED,


_____
MARY MACNEIL KILLINGER
DEPUTY DISTRICT ATTORNEY
CHIEF, APPELLATE DIVISION