IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WAYNE ALLEN COLSON,  : CIVIL ACTION
   PETITIONER

VS.       :

JOHN MCCULLOUGH, ET AL, : NO. 02-3482
   RESPONDENT

RESPONDENT/COMMONWEALTH'S
MEMORANDUM OF LAW IN SUPPORT OF ITS ANSWER
TO PETITION FOR WRIT OF HABEAS CORPUS

I. HISTORY OF THE CASE

The facts of this case are taken from the trial court's opinion, filed September 9, 1999.

On two separate occasions in 1997, once at his office and once at his church, the Petitioner, Wayne Allen Colson, sexually assaulted a developmentally disabled fourteen-year-old boy. At the time, the Petitioner was a church deacon and had been the boy's Sunday school teacher.

On January 20, 1998, a jury convicted the Petitioner of one (1) count of Rape, one (1) count of Involuntary Deviate Sexual Intercourse, one (1) count of Sexual Assault, two (2) counts of Endangering the Welfare of a Child, and two (2) counts of Corruption of Minors. The

Petitioner was sentenced to seven (7) to thirty-two (32) years imprisonment.

Acting pro se, Petitioner filed a Motion for Post Conviction Relief Act ("PCRA") petition and a "Notice of Motion to Set Aside Sentence as Stated to Above Case." (See Exhibits "A" and "B"). The court appointed a Montgomery County Public Defender to represent Petitioner, and dismissed his "Notice of Motion to Set Aside Sentence." Petitioner appealed the order dismissing his "Notice of Motion to Set Aside Sentence". On April 8, 1999, counsel withdrew the appeal of the order dismissing the "Notice of Motion to Set Aside Sentence." Appointed counsel then filed a supplemental PCRA petition. The Court of Common Pleas of Montgomery County dismissed Petitioner's request for relief on June 21, 1999. (See Exhibits "E" and "F"). On July 1, 1999, Petitioner's PCRA counsel filed a praecipe to withdraw appearance.

Following the lower courts dismissal of his PCRA petition, Petitioner filed a pro se appeal to the Superior Court of Pennsylvania. The superior court dismissed Petitioner's appeal for failing to file a brief, pursuant to Pa.R.A.P. 2185(a), on June 28, 2000. (See Exhibit "G"). Petitioner filed a Petition for Allowance of Appeal in the Pennsylvania Supreme Court. The Supreme Court of Pennsylvania denied the Petitioner's petition for review on July 20, 2000.

Acting pro se, Petitioner filed his second PCRA petition. The Court of Common Pleas of Montgomery County issued an order dismissing

Petitioner's second PCRA petition for untimeliness and because it was devoid of merit on September 6, 2000. (See Exhibit "1A" and see also Opinion Exhibit "J").

Petitioner filed a notice of appeal to the Superior Court. On June 21, 2001, the Superior Court of Pennsylvania dismissed the appeal, deeming the PCRA petition untimely. (See Exhibit "N"). Petitioner filed a Petition for Allowance of Appeal in the Pennsylvania Supreme Court. The supreme court denied the petition on November 15, 2001. (See Exhibit "O").

Petitioner executed the instant Petition for Writ of Habeas Corpus on May 30, 2002.

II.    ARGUMENT

    A.    <u>THE INSTANT PETITION FOR A WRIT OF HABEAS CORPUS SHOULD BE DISMISSED BECAUSE IT IS PROCEDURALLY BARRED.</u>

The Petitioner bears the burden of proving all of the facts entitling him to discharge, as well as demonstrating that he has met all of the procedural requisites entitling him to relief. <u>Brown v. Cuyler</u>, 669 F.2d 155, 158 (3d Cir. 1982). The Petitioner herein has failed to meet the threshold procedural requirements for habeas corpus relief.

    <u>1. The instant petition is barred by the one (1) year period of limitations for filing federal habeas corpus petitions.</u>

A one-year period of limitation applies to applications for writ of habeas corpus by a person in custody pursuant to the judgment of a

state court. 28 U.S.C. §2244(d)(1). This one-year limitation begins to run from the latest of four events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244 (d)(1).

Thus, as section 2244 (d)(1) makes clear, the one-year limitation period during which a habeas petition must be filed, with certain exceptions not applicable here, begins to run either at the conclusion of direct review or at the expiration of time for seeking direct review. See 28 U.S.C. §2244 (d)(1)(a); Lomazoff v. Walters, 63 F.Supp.2d 663 (E.D.Pa. 1999). However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2).

Instantly, the one-year clock started to run when the Petitioner's judgment became final on April 19, 1998, the date on which the time for

filing an appeal expired.[1]; 28 U.S.C. §2244(d)(1)(a); <u>Kapral v. United States</u>, 166 F.3d 565, 575 (3d Cir. 1999). See Pa.R.A.P. 903(a). The clock ran until January 26, 1999, the date on which Petitioner's pro se PCRA petition was filed (See Exhibit "A"). Pursuant to the explicit language of the statute, the time during which the petitioner's properly filed application for PCRA review is pending, shall not be counted toward the one-year period of limitation. 28 U.S.C. §2244 (d)(2) (emphasis added).

From the date on which the clock started, April 19, 1998, until it stopped, January 26, 1999, nine (9) months and seven (7) days elapsed. Therefore, on the date the clock stopped, the Petitioner had three (3) months and twenty three (23) days remaining to file the instant habeas corpus Petition. The clock was tolled during the Petitioner's properly filed application or post conviction review, 42 U.S.C. §2244 (d)(2), until July 20, 2000, the date on which the Supreme Court of Pennsylvania denied the petition for allowance of appeal. See <u>Swartz v. Meyers</u>, 204 F.3d 417 (3d Cir. 2000); <u>Lovasz v. Vaughn</u>, 134 F.2d 146 (3d Cir. 1998). For the instant Petition to be timely, the petitioner must have filed it no later than November 13, 2000. Since Petitioner's second PCRA petition was deemed by the state courts to have been untimely filed, it did not constitute a "properly filed" petition, and therefore, the statute of limitations was not tolled during this time. 42 Pa.C.S.A. §9545, <u>Morris v. Horn</u>, 187 F.3d 333, 338 (3d Cir. 1999). Given that the instant Petition

---

[1] The Petitioner acknowledged in writing his post sentence rights, but did not file a direct appeal of his sentence to the Superior Court of Pennsylvania.

was not filed until May 30, 2002, the Petitioner has clearly failed to meet this statute of limitations; therefore, the instant Petition should be dismissed.

    2.    <u>Petitioner was not prevented from asserting his rights.</u>

No basis for equitable tolling exists. Equitable tolling is appropriate "when the petitioner has in some extraordinary way...been prevented from asserting his or her rights." <u>Miller v. New Jersey State Department of Corrections</u>, 145 F.3d 616, 618 (3d Cir. 1998). The Third Circuit Court of Appeals has held that equitable tolling is appropriate in four narrow circumstances:

> (1) if the defendant has actively misled the plaintiff, (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum, or (4) when the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or where the court has misled the plaintiff in to believing that he had done everything required of him.

<u>Jones v. Morton</u>, 195 F.3d 153, 159 (3d Cir. 1999). In any of these circumstances, the petitioner must also establish that he "exercised reasonable diligence in investigating and bringing [the] claims." <u>Miller</u>, at 618-619 (citing <u>New Castle County v. Halliburton NUS Corp.</u>, 111 F.3d 1116, 1126 (3d Cir. 1999)). Petitioner has made no showing that any of these "narrow circumstances" exist.

3. <u>The claims raised in Petitioner's first and second PCRA petitions are procedurally defaulted, and as such, they should not be considered.</u>

Before an individual may file a petition for Writ of Habeas Corpus in Federal court, each claim raised therein must be exhausted. <u>Rose v. Lundy</u>, 455 U.S. 509, 102 S. Ct. 1198, 71 L.Ed.2d 378 (1982); 28 U.S.C. §2254(b). Exhaustion of state court remedies typically requires the Petitioner to have finally presented the claims to the highest state court. <u>Chaussard v. Fulcomer</u>, 816 F.2d 925, 928 (3d Cir. 1987). While exhaustion does not require that the highest state court rule on the merits of the Petitioner's claims, it does require that the court be given the opportunity to review them. <u>Bond v. Fulcomer</u>, 864 F.2d 306 (3d Cir. 1989).

Petitioner technically has failed to exhaust the issues raised in his first PCRA petition. He did not "fairly present" them to the Pennsylvania Superior Court, see <u>Doctor v. Walters</u>, 96 F.3d 675, 678 (3d Cir. 1996); <u>Chaussard v. Fulcomer</u>, 816 F.2d 925, 928 (3d Cir. 1987), because he failed to file a brief, which, arguably, would have contained the issues sought to be addressed, resulting in the Superior Court dismissing his appeal. The Supreme Court of Pennsylvania denied the Petitioner's petition for review.

Returning to state court would prove futile since the one-year jurisdictional time limit for filing a PCRA has passed. See 42 Pa.C.S.A. §9545(b). Any future PCRA petitions would be deemed untimely;

therefore, Petitioner is clearly foreclosed form seeking further state court review. See Whitney v. Horn, 280 F.3d 240, 251 (3d Cir. 2002). Exhaustion is excused, but these claims are deemed to be procedurally defaulted. 28 U.S.C.A. §2254(b). See Whitney v. Horn, 280 F.3d 240, 251 (3d Cir. 2002).

Absent the Petitioner showing "cause and prejudice" or a "miscarriage of justice," to excuse the procedural default, Holman v. Gillis, 58 F.Supp.2d 587, 592 n.3 (E.D.Pa. 1999) (citing Harris v. Reed, 489 U.S. 255, 260-61, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989)), this Court may not go to the merits of the barred claims, but must decide the merits of the claims that are exhausted and not barred. Id. at 592 (citing Toulson, 987 F.2d at 987). Petitioner has failed to make any such showing, this Honorable Court is precluded from addressing the merits of the Petition.

Nevertheless, when presented with an unexhausted claim, the District Court is not necessarily precluded from considering the merits of the claim. Amended Section 2254(b)(2) authorizes the District Court to dismiss a habeas corpus petition on the merits despite the fact that the petitioner has not exhausted his claims.[2] However, Petitioner has not put forth any constitutional assertions in support of his claim.

---

[2] 28 U.S.C.A. Section 2254(b)(2) states: "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

The claims raised in Petitioner's second PCRA petition are procedurally defaulted because Petitioner failed to comply with the state procedural rule governing the time requirement of the PCRA, 42 Pa.C.S.A. §9545 (b)(1). Returning to state court would prove futile since the one-year jurisdictional time limit for filing a PCRA has passed. See 42 Pa.C.S.A. §9545(b). Any future PCRA petitions would be deemed untimely; therefore, Petitioner is clearly foreclosed form seeking further state court review. See Whitney v. Horn, 280 F.3d 240, 251 (3d Cir. 2002). The state court's finding of untimeliness constitutes an adequate and independent state ground. Whitney v. Horn, 280 F.3d 240, 251 (3d Cir. 2002). This court may not address the merits absent a showing of "cause and prejudice" or of a "fundamental miscarriage of justice". Holman v. Gillis, 58 F.Supp.2d 587, 592 n.3 (E.D.Pa. 1999) (citing Harris v. Reed, 489 U.S. 255, 260-61, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989)) The Petitioner has made no showing that the aforementioned "exceptions" apply to his barred claim.

Amended Section 2254(b)(2) authorizes the District Court to dismiss a habeas corpus petition on the merits despite the fact that the petitioner has not exhausted his claims.[3] Again, Petitioner has not put forth any constitutional assertions in support of his claim.

---

[3] 28 U.S.C.A. Section 2254(b)(2) states: "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."

- 10 -

WHEREFORE, the Commonwealth respectfully requests that this Honorable Court dismiss the Petition for a Writ of Habeas Corpus filed by Wayne Allen Colson.

                              RESPECTFULLY SUBMITTED,

                              _____
                              MARY MACNEIL KILLINGER
                              DEPUTY DISTRICT ATTORNEY
                              CHIEF, APPELLATE DIVISION