IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WAYNE ALLEN COLSON   [DN-8240] | : : : | CIVIL ACTION |
| v. | : : | |
| JOHN MCCULLOUGH, et al. | : | NO. 02-3482 |

**O R D E R**

AND NOW, this          day of                              , 2003, upon consideration of the pleadings and the record herein, and after review of the Report and Recommendation of M. Faith Angell, United States Magistrate Judge, it is hereby ORDERED that:

1. The Report and Recommendation is **APPROVED AND ADOPTED**.

2. The Petition for Writ of Habeas Corpus is **DENIED AND DISMISSED AS TIME BARRED** under 28 U.S.C. §2244(d)(1).

   There is no probable cause to issue a certificate of appealability.

BY THE COURT:

_____
JAMES T. GILES,            Ch.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WAYNE ALLEN COLSON [DN-8240] | : : : | CIVIL ACTION |
| v. | : : | |
| JOHN MCCULLOUGH, et al. | : | NO. 02-3482 |

### REPORT AND RECOMMENDATION

M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE                April 1, 2003

Presently before this Court is a *pro se* Petition for Writ of Habeas Corpus filed, pursuant to 28 U.S.C. §2254, by a state prisoner. Petitioner is currently incarcerated at State Correctional Institution ["SCI"] Houtzdale, Pennsylvania, where he is serving a seven year and three months to thirty-two year sentence for rape and related offenses. For the reasons which follow, it is recommended that the Petition for Writ of Habeas Corpus be denied and dismissed as untimely under 28 U.S.C. §2244(d)(1).

### BACKGROUND[1]

On January 22, 1998, following a jury trial before the Honorable William R. Carpenter of the Montgomery County Court of Common Pleas, Mr. Colson was convicted of rape, involuntary deviate sexual intercourse, sexual assault, two counts of indecent assault, two counts of endangering the welfare of a child, and two counts of corruption of minors. The facts underlying

---

[1] The facts in this discussion have been taken from Mr. Colson's habeas petition, the Commonwealth's answer, Petitioner's response, and the state court records.

Petitioner's convictions were described by the trial court as follows:

> "On two separate occasions, once at his office and once at his church, the [Petitioner], Wayne Allen Colson, sexually assaulted a developmentally disabled fourteen-year-old boy. At the time, the Appellant was a church deacon, and had been the boy's Sunday school teacher." *See* The Commonwealth's Response to Habeas Petition [Docket Entry No. 9][2], Exhibit "C" (trial Court opinion dated March 26, 1999) at p. 1.

On March 19, 1998, Judge Carpenter denied post-verdict motions and sentenced Petitioner to an aggregate prison term of seven years and three months to thirty-two years. *See* Respondents' Answer, Exhibit "N" (Superior Court opinion dated June 21, 2001) at p. 1.

Mr. Colson did not file a direct appeal. *Id.*

On January 20, 1999, Petitioner filed a *pro se* petition for collateral relief under the Pennsylvania Post Conviction Relief Act ["PCRA"], 42 Pa.C.S.A. §9541 *et seq.* In support of his PCRA motion, Petitioner alleged:

> "Ineffective assistance of counsel before and during trial, counsel's failure to object as to statements made by Commonwealth's witnesses, or to properly cross examen. Counsel's failure to motion to sever charges against defendant, or to motion as to merger of charges of both rape and ISDI. Counsel['s] failure to motion for change of venue due to the extensive newspaper and television and radio coverage of the defendant's trial and before trial. The defendant not made aware of any additional charges against him for which he was convicted and sentence[d]. Counsel['s] failure to challenge or challenge the sentence. The defendant again asserts several errors in this trial proceedings, fact of police report and it being tainted, due to the numerous defects, also witnesses' inconsistent statements. Conviction never established except by contradicted testimony which violates Rules of Evidence. District attorney person remarks against Defendant which prejudice[d] him. Counsel was ineffective in failing to call witnesses that would have testified as to statements made by the complaining witness. Statements made to defense counsel by the district attorney that he was receiving pressure a lot due to this case. Counsel[']s failure to secure exculpatory evidence. Trial court error in allowing jurors to hear statements in reference to the defendant due to the high profile nature of his case. Again defendant questions the jury's

---

[2] [hereinafter "Respondents' Answer"].

compromised verdict, and to give the jury proper instruction. Counsel[']s ineffectiveness in establishing indecent-assault in not establishing the act of contact was to have take place at the Church. [. . .]"  *See* Respondents' Answer, Exhibit "A" (PCRA petition) at p. 3.

Counsel was appointed to aid Mr. Colson. She filed a supplemental PCRA petition, asserting four claims of ineffective assistance of trial counsel in failing to: (1) make a motion to sever the charges relating to the church from those relating to the office; (2) challenge the competency of the alleged victim; (3) request a change of venue due to the publicity involved; and (4) establish a record of the various news media items concerning the case. *See* State Court Records, Document entitled "Supplemental Petition Pursuant To The Post-Conviction Relief Act" at pp. 2-3.[3]

On June 21, 1999, after an evidentiary hearing, the PCRA Court denied post-conviction relief. *See* Respondents' Answer, Exhibit "E."

On July 18, 1999, Petitioner filed a *pro se* notice of appeal to the Superior Court. On appeal, he raised the following issues: (1) "whether trial counsel rendered ineffective assistance of counsel;" (2) "whether this court properly calculated [Petitioner's] sentence;" (3) "whether the jury was tainted by statements made by prospective jurors;" and (4) "whether [Petitioner] may argue on appeal issues not raised in his concise statement." *See* Respondents' Answer, Exhibit "F" (September 9, 1999 PCRA Opinion) at p. 2.

---

[3] With his original *pro se* PCRA motion, Petitioner filed a "Notice Of Motion To Set Aside Sentence As Stated To Above Case." *See* Respondents' Answer, Exhibit "B." The motion was denied on February 1, 1999. Petitioner filed a *pro se* appeal from the February 1, 1999 Order. The appeal was withdrawn by PCRA Counsel on April 5, 1999. *Id.,* at Exhibits "C"(March 26, 1999 Opinion) at pp. 1-2 and "1A."

On June 20, 2000, the PCRA appeal was dismissed for failure to file a brief. *Id.,* Exhibit "G."

Mr. Colson sought discretionary review in the Supreme Court of Pennsylvania. *Allocatur* was denied by Order dated July 20, 2000. *See* Respondents' Answer, Exhibit "H."

On July 31, 2000, Petitioner filed a second *pro se* PCRA petition. In support of his request for PCRA relief, he asserted:

> "Defense counsel was ineffective in his failure to object to the substantive defects in the amended bills of information or seek relief before or during trial. The trial court was in error and violate[d] the defendant's Due Process rights by failing to fix or prove the date of the offense as laid in the Amended Bills of Information with reasonable certainty and beyond a reasonable doubt. Defense counsel was ineffective, the verdict is against the weight of evidence and there is insufficient evidence to support the conviction of the alleged charges in the amended bills of information for the office. Defense counsel was ineffective for not objecting to the prosecution's opening and closing remarks that were not supported by the evidence. Trial court error in failing to give proper remedy to jury upon instructing the jury on the first day of trial, and defense counsel was ineffective for failing to seek or request a remedy or cure for trial court error, therefore, prejudicing the defendant. Defense counsel was ineffective for failing to perform a proper voir [dire]. Trial court was in error for giving the jury improper instructions concerning the dates of offense and defense counsel was ineffective for not objecting to these instructions or requesting proper instructions. Trial court error in sentencing the defendant to an illegal sentence and defense counsel was ineffective for not objecting to or seeking relief for the illegal sentence. [. . .]" *Id.*, Exhibit "I" at p. 3.

On September 6, 2000, the Court dismissed Petitioner's second PCRA petition as untimely. *See* Respondents' Answer, Exhibit "J" (October 26, 2000 Opinion) at p. 2.

Petitioner appealed to the Superior Court. By Memorandum and Order dated June 21, 2001, the Superior Court affirmed the denial of PCRA relief on the basis of untimeliness. *Id.*, Exhibit "N" at p. 1.

Petitioner filed a timely request for discretionary review in the Pennsylvania Supreme Court. His request for allowance of appeal was denied on November 15, 2001. *See* Respondents' Answer, Exhibit "O."

On May 23, 2002, Petitioner signed and dated the instant habeas petition. It was filed in this Court on May 30, 2002.[4]

As grounds for habeas relief, Petitioner asserts the following claims:

    1. "Whether the voir dire was inadequate to detect prejudice from the pretrial publicity, and, therefore, violating the Petitioner's rights to due process and an impartial jury as guaranteed by the 6th and 14th amendments."

    2. "Whether the Petitioner's constitutional due process rights were violated when the Commonwealth failed to fix or prove the date of offense as laid in the Amended Bills of Information with reasonable certainty and beyond a reasonable doubt."

    3. "Whether the Petitioner was denied his constitutional rights were violated when the trial court allowed the Commonwealth to amend the Bills of Information which added additional charges."

    4. "Whether the Petitioner was denied his constitutional right to effective assistance of trial counsel and PCRA counsel."*See* Habeas Petition [Docket Entry No. 1] at pp. 9-10.

The Commonwealth has responded to Mr. Colson's habeas claims, arguing that the present habeas petition is time-barred. *See* Respondents' Answer [Docket Entry No. 9].

Petitioner filed a response to the Commonwealth's answer, asserting that he is entitled to equitable tolling because the "Commonwealth effectively denied the petitioner access to the Courts, by creating circumstances beyond the petitioner's control. Thus, extraordinary

---

[4] For the purposes of this Report and Recommendation, under the prison mailbox rule, I will accept the earliest date, May 23, 2002, as the date of filing. *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).

circumstances exist, beyond the petitioner's control, that prevented him from asserting his issues, by the wrongful conduct of the Pennsylvania Courts. [. . . ] The record clearly shows, that petitioner was extremely diligent in filing the appropriate timely motions, and appeals." *See* "Petitioner's Answer to Respondent/Commonwealth Answer to Petition for Writ of Habeas Corpus And Memorandum Of Law In Support Of Its Answers To the Same" [Docket Entry No. 10] at pp. 6-7.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA" or the "Act"], signed into law on April 24, 1996, significantly amended the laws governing habeas corpus petitions.

One of the amended provisions, 28 U.S.C. §2244(d), imposes a one-year statute of limitations on state prisoners who seek federal habeas relief. A habeas petition must be filed within one year from the date on which the petitioner's judgment of conviction becomes final. *See* 28 U.S.C. §2244(d)(1).[5]

---

[5] While the date on which the petitioner's conviction becomes final is typically the start date for the limitations period, the statute permits the limitation period to run from four different points in time, depending on which occurs latest. In addition to the date on which the petitioner's conviction becomes final, the start date can also run from: (1) "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action"; (2) "the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; or (3) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

There is nothing in the pleadings before me to suggest that the start date for the statute of limitations period should be permitted to run from a point later in time than the date on which Mr. Colson's conviction became final.

In the instant case, Mr. Colson's state conviction became final on April 19, 1998, when the time for filing a direct appeal to the Pennsylvania Superior Court (30 days) expired. *See Nara v. Frank,* 264 F.3d 310, 314 (3d Cir. 2001).

The AEDPA amendments include a tolling provision for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *See* 28 U.S.C. §2244(d)(2).

Mr. Colon's statute of limitations began running on April 20, 1998 and continued to run until January 20, 1999, when he filed his first PCRA petition. This petition was "properly filed" for the purpose of triggering the habeas tolling provision, because it was "submitted according to the state procedural requirements, such as the rules governing the time and place of filing." *See Lovasz v. Vaughn,* 134 F.3d 146, 148 (3d Cir. 1998). As of January 20, 1999, nine months (270 days) of Petitioner's one year habeas statute of limitations had expired.

Petitioner's first PCRA petition was pending, for tolling purposes, through July 20, 2000, when the Pennsylvania Supreme Court declined review of the dismissal of Petitioner's PCRA appeal. Thus, the remaining 95 days of Petitioner's habeas limitations period began to run on July 21, 2000, and expired on October 26, 2000.

The fact that Petitioner filed a second untimely PCRA petition does not toll the statute of limitations. *See Carey v. Saffold,* 122 S.Ct. 2134, 2139 (2002)(an untimely application for collateral review is not "properly filed," and does not statutorily toll the habeas limitations period). *See also Phillips v. Vaughn,* No.02-2109, 2003 WL 202472 at * (3d Cir. January 29, 2003)("*Carey* made quite clear that to be deemed 'properly filed,' an application for collateral review in state court must satisfy the state's timeliness requirements.").

The instant habeas petition was not filed for over one and one-half years beyond the time limit set by §2244(d)(1). It is, therefore, untimely.

§2244's one-year statute of limitations is subject to equitable tolling. However,

"[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' Moreover, to be entitled to equitable tolling, '[t]he petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' Mere excusable neglect is not sufficient." *Brown v. Shannon*, No. 01-1308, 2003 WL 1215520 at *4 (3d Cir. March 17, 2003)(citations omitted).

Equitable tolling may be appropriate where: "(1) the defendant has actively misled the plaintiff; (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999).

In the final analysis, federal review, on an equitable basis, of an untimely habeas petition is limited to the "rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Id*.

Despite his allegations, I do not believe that Petitioner was, in any extraordinary way, prevented from asserting his rights. Nor do the circumstances in this case present the "rare situation" which demands equitable tolling of the habeas statute.[6] Therefore, Petitioner's untimely habeas petition is not subject to federal review.

---

[6]Assuming a*rguendo* that Petitioner were entitled to equitable tolling for the period during which his second untimely PCRA petition was pending (July 31, 2000 through November 15, 2001), his habeas petition would still be untimely, as it would, under this scenario, have been filed approximately three months beyond the statutory period.

## RECOMMENDATION

For the reasons stated above, it is recommended that the Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. §2254, be DENIED AND DISMISSED AS TIME-BARRED. It is further recommended a finding be made that there is no probable cause to issue a certificate of appealability.

BY THE COURT:

_____
M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE